LINDSAY v. VOGELSANG et al. (No. 6980.)

(Court of Civil Appeals of Texas. Galveston. June 18, 1915. Rehearing Denied Oct 7, 1915.)

1. VENDOR AND PURCHASER ⟨⟩334—REMEDY OF PURCHASER—MISTAKE — RECOVERY OF PAYMENTS.

Interest paid on the excess of purchase-money notes, due to a mistake in acreage, was recoverable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980; Dec. Dig. ⟨⟩334.]

2. LIMITATION OF ACTIONS ⟨⟩37—STATUTE APPLICABLE—MISTAKE—ACTION TO RECOVER.

An action to recover the amount of interest paid to defendants on notes through mistake of the parties as to the amount due which defendants had refused to repay, all of which was paid or delivered to defendants within two

years before the commencement of suit, was not barred by the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 182–186, 477; Dec. Dig. ☞37.]

Appeal from Matagorda County Court; R. R. Lewis, Judge.

Action by D. A. Lindsay against N. M. Vogelsang and another. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Linn & Austin, of Bay City, for appellant.

LANE, J. This suit was originally brought by appellant Lindsay against appellees Vogelsang and Harty, in the justice's court of precinct No. 1, Matagorda county, on the 4th day of May, 1914, to recover two sums of money aggregating $123.48, paid by plaintiff to defendants by the mutual mistake of all parties, and which sum of money was not in fact due by plaintiff to defendants. These two sums, $61.74 each, were paid by plaintiffs to defendant on the 6th day of November, 1912, and the 6th day of November, 1913, respectively. Appellant D. A. Lindsay recovered judgment in said justice court for the full amount sued for, and appellees Vogelsang and Harty appealed from this judgment to the county court of said Matagorda county. In the county court appellees pleaded: First, the statute of limitations of two years, in bar of appellant's right to recover; and, second, that appellant for a valuable consideration had settled the matters in controversy, and therefore was estopped to recover in this action. The case was tried de novo in the county court before the court without a jury, and judgment was there rendered for the appellees Vogelsang and Harty. From this judgment Lindsay has appealed to this court.

At the request of appellant Lindsay, the trial court prepared and filed his findings of fact and conclusions of law. There is no statement of facts with the record, and we must therefore resort to the fact findings of the trial court to ascertain the facts shown at the trial.

The trial court finds that appellees Vogelsang and Harty on the 6th day of November, 1911, sold to appellant Lindsay and one J. W. May by general warranty deed a tract of land supposed by all the parties to the transaction to contain 198.92 acres, at $40 per acre, and that in part payment therefor Lindsay and May executed ten promissory notes upon which interest was to be paid annually thereafter on the 6th day of November of each year until all notes were paid; that after Lindsay and May had paid two installments of interest, to wit, on the 6th day of November, 1912, and the 6th day of November, 1913, it was discovered by all the parties that the land sold contained only 176.14 acres, 22.05 acres short of the number of acres conveyed, and that by reason of this shortage in acreage Lindsay and May had executed and delivered their notes to appellees for $882 in excess of what they owed appellees; that, by reason of this mutual mistake on the part of all the parties to the transaction, Lindsay and May had paid interest on said $882 in the sum of $123.48, the amount sued for; that after this shortage in acreage was discovered, and after said interest had been paid, appellees credited Lindsay and May's notes, which were still unpaid, with $882, but refused to refund the interest paid on the same for the two years from November 6, 1911, to November 6, 1913; that May transferred all interest he had in the matter in controversy to Lindsay; that Lindsay brought this suit on May 4,.1914.

Upon the foregoing fact findings the trial court filed his conclusions of law as follows:

"I conclude as a matter of law that the plaintiff's cause of action for the sum of $123.48 paid as interest upon the notes executed on November 6, 1911, as purchase money for the land conveyed to him on said date by the defendants by their deed of said date, is barred by the statute of limitation of two years, which is pleaded in this action; and that the two-year statute, rather than the four-year statute, applies to the claim sued on; and that judgment be rendered for the defendants against plaintiff under said statute of limitation."

It is seen from the foregoing conclusion of law found by the trial court that he based the judgment rendered solely upon the erroneous conclusion that the facts found showed that the cause of action pleaded by appellant was barred by the statute of limitation of two years.

[1, 2] Without speculating as to the theory upon which the trial court reached such conclusion, we find that appellant's cause of action was for the recovery of $123.48 paid to and received by appellees through mutual mistake of both parties and which appellees refuse to repay to appellant; that no part of same was paid or delivered to appellees for a term of more than two years prior to the institution of appellant's suit on May 4, 1914, and therefore the court erred in rendering judgment for appellees and in not rendering judgment for appellant for the amount sued for. Wherefore the judgment of the court below is reversed, and judgment is here rendered for appellant for $123.48, together with 6 per cent. interest per annum on $61.74 from the 6th day of November, 1912, and 6 per cent. interest per annum on the remaining $61.74 from the 6th day day of November, 1913, until said judgment is paid.

Reversed and rendered.